RECEIVED
JAN 0 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IAN JUDD
ANCHORAGE CORRECTIONAL COMPLEX
1400 E st 4th Ave.
ANCHORAGE, ALASKA
-99501-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

United States of America,   |   CASE NO. A05-068 CR
        Plaintiff,   |   (RRB)
   V.
IAN JUDD
       Defendent

MOTION FOR DISCHARGE OF ATTORNEY
FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Comes Now, IAN JUDD pro se, herein and moves this honorable court in the matter of discharge his representing counsel.

Dattan Scott Dattan, attorney at law, has breached the 5th 6th and 14th Amendment of the United States constitution. In not upholding the rights of IAN JOSEPH JUDD, to have effective assistance of Counsel, Article 5, Privileges. Concerning the

negligence to the said rights, above in this motion, I, IAN JOSEPH JUDD, do hereby move this court to issue the appropriate Order to Discharge my representing attorney I, IAN J. JUDD, also give this court Authority to Authorize my ex-attorney to turn over all/or any of the work produced or, material in this matter and/or issue the above case files to the new lawyer appointed to me..

    I IAN JUDD, authorize said attorney, Dattan Scott Dattan, to withdraw from the above case..

    Respectfully submitted this 4th day of January 2006

*Ian Joseph Judd*
IAN JOSEPH JUDD

I further certify that true and correct copies will be hand delivered at the next hearing to:
Dattan Scott Dattan
- and -
Assistant U.S. Attorney
Stephan A. Collins

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, Plaintiff, v. Ian Judd, Defendent | CASE NO. A05-068 CR (RRB) |

MEMORANDUM IN SUPPORT OF MOTION

Comes Now, Ian Joseph Judd, the defendant, herein, to ask this court to take Judicial Notice of his rights to have counsel in his defense. The Constitutional right and guarantee to assistance of counsel is not qualified to only someone who recieved a license from some Supreme Court or other authority. To wit:

"In all criminal prosecution, the accused shall enjoy the right... to have the Assistance of counsel for his defense."
— Sixth Article of Bill of Rights.

Since the United States Constitution was ordained and established by the People, for their protection, and since it may not be superseded or amended by any act of Congress or by any other "laws", even of this state,

(1)

this defendent is going to exercise such a right and will pray that the court chooses that it is going to look into the matters concerning this case to help, IAN JOSEPH JUDD, with his defense.

Defendent futher asks this Court to take Judical Notice of the language of the Sixth Amendment quoted above, as it is vary precise, and the men who were responsible for its form were learned in the law, in fact many of them were lawyers. Therefore the conspicuous lack of the word "attorney" is notable, with the word "counsel", indeed.

While the Bill of rights was being debated and argued, the same members of Congress were in the process of passing the first Judicial Act of September, 1789. Please also notice, the House and Senate finally came to an agreement on the "EXPRESS AND EXPLICIT LANGUAGE AND FORM" of the Sixth Amendment, which was quoted above. In RE: Williams V. Florida 90 S. Ct. 1893, 1904 (1970). Please note, that the Sixth amendment was not ratified untill after the Judiciary Act, or untill December 15th, 1791..

(2)

Therefore, it is abundantly clear, that the "EXPLICIT LANGUAGE FORM" of the Sixth Amendment, to wit:

Sec. 35. And be it further enacted, that in all the Courts of the United States the parties may plead their own causes personally OR by the rules of such Court respectfully shall be permitted to manage and conduct causes therein.

FIRST CONGRESS, session 1, Chapter 20, page 92. (See also, Section 30 page 89)... not being counsel OR attorney to either parties.

Defendent in this case has certainly made the proper and timely demands for counsel, but it has one of his choosing. It follows, since one cannot be compelled to accept assigned counsel, he never the less has a fundamental right to choose counsel from anyone of his choice, because

"The right of counsel is not formal, but substantial." Snell v. U.S. (CA 10), 174 F.2d 580, 581; U.S. ex rel. Michell v. Tompson, (DC-NY), 56 F. Supp. 683;

(3)

This defendant's right to assistance of counsel is as imperative, necessary, essential and the prerequisite to a proper defense, as certain as his life, liberty and property have been endangered by the fruitful, however, unlawful restraint of said defendant. The right to Assistance of counsel may not be limited to and conditioned because; ...."it is one of the safeguards deemed necessary to insure fundamental right of life and liberty." Robinson V. Johnson, (DC-CAL), 50 F. Supp. 774-776 (1943)

and

[4,5] "the broad range of discretion given to a trail court includes the power to appoint consultative counsel when the court deems it appropriate."

Where, defendant moves this court to grant this motion of discharge his appointed counsel and granting him new counsel.

CONCLUSION

Defendant having no faith in Dattan Scott Dattan and bringing

(4)

before this Court that Dattan Scott Dattan hasn't pressed any defense in defendant's behalf prays that this court will rule in defendants favor following the standards set in STRICKLAND V. WASHINGTON 466 U.S. 668, 80 L. Ed. 2d. 674, 104 S. Ct. 2052 (1984)

Ian Joseph Judd
IAN JOSEPH JUDD
1-4-06
  2

I futher certify that true and correct copies will be hand delivered at the next hearing to:

Dattan Scott Dattan
— and —
Assistant U.S. Attorney Stephan A. Collins

(5)

## Additional Suporting Facts

— In Aug. when Judd met Dattan, he was informed how important it was that he get all discovery from the prosecution in this case..

— Three weeks later Judd recieved a letter from the law office of Dattan Scott Dattan.. In the letter Judd was informed of a meeting between Dattan and Collins, (Unknown to Judd at the time.) Dattan states in his letter to Judd he's reviewed the vidieo and it was undoubtably him.. In closing of the same letter Dattan informs Judd that Collins will supercede additional charges and it would be a shame to go to jail for 10 years if it could be limited to 5... This comment was very misleading to Judd and part of the reason he felt compelled

①

to make a irrational plea...

- In the Sept. hearing JUDD expressed to the Court that he had not recieved all of his discovery. With trail call comming up he felt this information was important. U.S. v. Agurs 427 U.S. 97, 49 L. Ed. 2d, 342, 96, S. Ct. 2392 (1976) "There are situations in which evidence is obviusly of such substantial value to the defence that elementary fairness requires it to be disclosed even without a specific request.

- Dattan never provided pre-trail counsel..

- Dattan failed to provide, or seek out additional discovery..

- Allowed JUDD to jump to a irrational decision by not fully informing him before changing plea.

(2)

— Dattan never requested Grand Jury Transcripts be unsealed to determine if the evidence given to Jury was defective.

— Never challenged credibility of C.I. (Sheila ?)

— Misleading his client into thinking he could limit his sentance to Five years by pleaing guilty..

Based on these fact the defendent would like the Court to grant his motion and find said counsel, Dattan Scott Dattan ineffective

*Ian Joseph Judd*
IAN JOSEPH JUDD

I futher certify that true and correct copies will be hand delivered at the next hearing to:
Dattan Scott Dattan
—and—
Assistant U.S. Attorney
Stephan A. Collins

(13)