LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone: (907) 276-8008
Fax: (907) 278-8571

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| IAN JUDD ) | |
| ) | |
| Defendant(s). ) | Case No. 3:05-cr-0068-RRB |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO AMEND/REDUCE SENTENCE**

On January 26, 2006, Defendant Ian Judd was sentence to serve 168 months imprisonment. He pled guilty to distribution of cocaine base and possession with intent to distribute cocaine base. The Presentence Report indicated that the total amount of cocaine base ("crack") for which Mr. Judd was responsible was 53.4 grams. At the time of sentencing, this resulted in a base offense level 32. Pursuant to the Guidelines, as amended, the base offense level for at least 50, but less than 150 grams is now 30.

When sentence was imposed in 2006, it appears that the criminal history category for Mr. Judd was VI, based on 13 criminal history points. Thus, the guideline imprisonment range computed in the PSR was 188-235 months. Under the amended guidelines, the total offense level is 29, reducing his guideline range to 151-188 months. This court apparently agreed that Level VI overstated Mr. Judd's criminal history and sentenced Mr. Judd to 20 months less than that which the Government believed was appropriate.

*USA v JUDD*, 3:05-cr-0068-RRB
Memo in Support of Motion to Amend/Reduce Sentence
Page 1 of 3

If the court were only to amend Mr. Judd's sentence to the low end of the new guideline range, the sentence would be reduced to 151 months. However, the court may reduce that sentence even further under the reasoning contained in *Kimbrough v United States*, 522. U.S. ____ (2007). In his concurring opinion, Justice Scalia stated:

> …[T] he district court is free to make its own reasonable application of the §3553(a) factors, and to reject (after due consideration) the advice of the Guidelines. If there is any thumb on the scales; if the Guidelines must be followed even where the district court's application of the §3553(a) factors is entirely reasonable; then the "advisory" Guidelines would, over a large expanse of their application, <u>entitle</u> the defendant to a lesser sentence <u>but</u> <u>for</u> the presence of certain additional facts found by a judge rather than a jury. This, as we said in <u>Booker</u>, would violate the Sixth Amendment.

At the time of sentencing the issue was raised that he had pled guilty to and accepted responsibility for only 25.6 grams. The remaining 27.8 grams were based on uncorroborated statements of an informant. (See paragraphs 18 & 19 of the PSR and Defendant's Sentencing Memorandum at page 3.) The court clearly has the discretion to reduce the amount of crack for which Mr. Judd is responsible to 25.6 grams which would further reduce his Guideline range to 130 – 162 months (Level 27, Crim. Hist Cat. VI).

The statutory minimum sentence remains at 60 months. The amount of cocaine base ("crack") is relatively small. Mr. Judd asks this court to reconsider his sentence in light of the mandatory sentence, the crack/cocaine disparity, 18 USC 3553(a) and hopes that the

//

//

//

*USA v JUDD*, 3:05-cr-0068-RRB
Memo in Support of Motion to Amend/Reduce Sentence
Page 2 of 3

court will agree that, in this instance, a significant reduction of his sentence is appropriate.

Dated this 14th day of March, 2008.

<u>s/D. Scott Dattan</u>
Attorney for Defendant, Ian Judd
2600 Denali Street, Suite 460
Anchorage, Alaska  99503
Phone:  907-276-8008
E-Mail:  dattan@alaska.net
Alaska Bar No:  8411111

*USA v JUDD*, 3:05-cr-0068-RRB
Memo in Support of Motion to Amend/Reduce Sentence
Page 3 of 3